UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER NAILS, | : | **CIVIL NO. 1:09-CV-2105** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The plaintiff filed a *pro se* complaint on October 29, 2009. The defendant, the Pennsylvania Department of Transportation, filed a motion to dismiss the complaint and a brief in support of that motion on December 19, 2009. The plaintiff has not filed a brief in opposition.

In the Order of January 12, 2010, it was stated:

> The plaintiff has not filed a brief in opposition to the defendant's motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa. The plaintiff will be ordered to file a brief in opposition to the motion to dismiss if he opposes the motion to dismiss. If the plaintiff does not file a brief in opposition to the motion to dismiss he will be deemed not

> to oppose the motion and it will be recommended that the motion to dismiss be granted and that the case be closed.
>
> **IT IS ORDERED** that the plaintiff's motion (doc. 11) for default judgment is deemed **WITHDRAWN. IT IS FURTHER ORDERED** that the plaintiff shall file a brief in opposition to the motion to dismiss on or before January 29, 2010.

(Doc. 13).

The plaintiff has not filed a brief in opposition. He is deemed not to oppose the motion to dismiss the complaint. It is recommended that the motion to dismiss the complaint be granted on the basis that the motion is not opposed.

The motion to dismiss the complaint is based upon the argument that the Pennsylvania Department of Transportation, as an agency of the state government, may not be sued in federal court by a person because the Eleventh Amendment to the United States Constitution provides that the judicial power of the United States does not extend to such a suit.

The plaintiff's claim is that he was denied due process of law in the process of his termination from his employment by

2

the defendant state agency. The defendant characterizes the complaint, correctly, as a 42 U.S.C. § 1983 claim.[1]

> The Eleventh Amendment provides:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does

---

1. If it were a Title VII claim, which it is not, Eleventh Amendment state sovereignty would not apply. *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976).

3

not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). However, a state may waive its Eleventh Amendment immunity by consenting to suit and Congress may abrogate States' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Pennsylvania Department of Transportation is a state agency. *See* 71 P.S. § 61. The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, the plaintiff's

4

claims against the Pennsylvania Department of Transportation Corrections are barred by the Eleventh Amendment.

Although we recommend that the complaint be dismissed on the basis that the motion to dismiss is not opposed, it is noted that the defendant presents an argument for dismissal that appears to be meritorious.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 18, 2010.

5