# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER NAILS,** | **CIVIL ACTION NO. 1:09-CV-02105** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **PENNSYLVANIA DEPARTMENT OF TRANSPORTATION,** | |
| **Defendant** | |

## **ORDER**

AND NOW, this 8th day of April, 2010, upon consideration of the report of the magistrate judge (Doc. 15) recommending that defendant's motion (Doc. 8) to dismiss be granted because plaintiff has not opposed the motion, and plaintiff's § 1983 claim is barred by the Eleventh Amendment, and, following an independent review of the record, it appearing that sovereign immunity bars plaintiff's § 1983 claim against the Department of Transportation, see Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008); see also Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000), that neither party has objected to the magistrate judge's report and recommendation, and that there

is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 15) of the magistrate judge is ADOPTED.

2. The motion (Doc. 8) to dismiss is GRANTED. Leave to amend is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.